IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

REGINALD JOHNSON, :
    Petitioner, :
 :
 : CIVIL NO. 4:10-CV-2533
 :
v. : (Chief Judge Kane)
 :
SUPERINTENDENT ROZUM, et al., :
    Respondents :
 :

**MEMORANDUM**

On December 15, 2010, Petitioner Reginald Johnson ("Petitioner" or "Johnson"), an inmate presently confined at the Somerset State Correctional Institution ("SCI Somerset") in Somerset, Pennsylvania, initiated the above action pro se by filing a petition for writ of habeas corpus ("petition") under the provisions of 28 U.S.C. § 2254. (Doc. No. 1.) He has requested leave to proceed in forma pauperis in this matter.

Because this Court already has considered the legality of Johnson's detention by entertaining a previous petition for writ of habeas corpus filed under the provisions of § 2254, and it is apparent that he has not sought permission from the United States Court of Appeals for the Third Circuit to file a successive petition, we will grant in forma pauperis status for the sole purpose of filing the instant petition, and the petition will be dismissed without prejudice for lack of jurisdiction.

**I.    Background**

In his petition, Johnson challenges his 2001 conviction by a jury sitting in the Court of Common Pleas of Lycoming County for the offenses of aggravated assault, simple assault,

recklessly endangering another person, possession of an instrument of crime, and terroristic threats, committed upon two (2) victims. (Doc. No. 1 at 1.) Following his conviction, on December 13, 2001, Johnson was sentenced to an aggregate term of imprisonment of twelve (12) to twenty-seven (27) years. Johnson filed a direct appeal, and by Order dated November 13, 2002, the Pennsylvania Superior Court affirmed his judgment of sentence. (See Commonwealth of Pennsylvania v. Johnson, 16 MDA 2002.[1]) A search of the Pennsylvania Supreme Court dockets reveals that Johnson did not file a petition for allowance of appeal from the Superior Court's Order.[2]

Johnson previously has filed with this Court at least two (2) petitions for a writ of habeas corpus under the provisions of § 2254. By memorandum and order dated March 9, 2004, we dismissed his first petition for failure to exhaust state court remedies. (Johnson v. Sobina, Civil No. 03-0643-JFM, Doc. No. 21.) On April 27, 2005, the United States Court of Appeals for the Third Circuit denied Johnson's request for a certificate of appealability and noted that Johnson was time-barred from presenting the claims raised in his first petition under § 2254, and therefore concluded that his claims also were procedurally defaulted. (Id., Doc. No. 27.)

Johnson filed his second § 2254 petition with this Court on May 12, 2006. (Johnson v. Rozum, Civil No. 06-0971-JFM, Doc. No. 1.) By order dated August 21, 2006, we dismissed Johnson's second petition without prejudice for lack of subject matter jurisdiction due to his failure to obtain permission from the United States Court of Appeals for the Third Circuit to file a second petition. (Id., Doc. No. 15.)

---

[1] See Pennsylvania's Unified Judicial System Webportal, Appellate Docket Sheets, available at http://ujsportal.pacourts.us/docketsheets/appellate.aspx.

[2] See supra note 1.

In the instant petition, Johnson once again seeks habeas relief from this Court from his December 13, 2001 judgment of sentence. (See Doc. No. 1.)

**II.    Discussion**

The pertinent authority for dismissing successive habeas corpus petitions is found in Rule 9[3] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), and 28 U.S.C. § 2244(a), a provision of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, AEDPA mandates that, before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty (30) days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements. *See* 28 U.S.C. 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets for the United States Court of Appeals for the Third Circuit through the Public Access to Court Electronic Records ("PACER") System establishes that Johnson neither has sought nor received permission from that Court to file a successive petition. Therefore, the instant habeas petition must be dismissed by this Court

---

[3]Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

3

because we lack jurisdiction to entertain it.  Burton, 549 U.S. at 152-54.  Dismissal will be without prejudice to Johnson's ability to request permission from the United States Court of Appeals for the Third Circuit to file a successive petition.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD JOHNSON, : | |
| Petitioner, : | |
| : | |
| : | CIVIL NO. 4:10-CV-2533 |
| : | |
| v. : | (Chief Judge Kane) |
| : | |
| SUPERINTENDENT ROZUM, et al., : | |
| Respondents : | |
| : | |

## ORDER

AND NOW, this 4th day of January, 2011, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. Petitioner's application for leave to proceed in forma pauperis (Doc. No. 2) is **granted** for the sole purpose of filing the petition in this action.

2. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed without prejudice** for lack of jurisdiction.

3. The Clerk of Court is directed to **close this case**.

4. There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c).

 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania